UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CAPITAL BEVERAGE CORPORATION

                                        07 CV 6063 (NRB)

                  Plaintiff,
     v.                                **ANSWER, COUNTERCLAIM**
                                             **AND CROSS-CLAIM**

OAK BEVERAGES, INC., VICTORIA
BEVERAGE, INC., and DEALY &
SILBERSTEIN, LLP (solely in its capacity as
Escrow Agent),

                  Defendants.
-----------------------------------------------------------X

       Defendants Oak Beverages, Inc. ("Oak") and Victoria Beverage, Inc. ("Victoria") (collectively the "Defendants"), through their attorneys Ettelman & Hochheiser P.C. answer the complaint as follows:

## IN RESPONSE TO NATURE OF THE ACTION

       1.      Answering Paragraph 1 of the Complaint, Defendants assert that there are no allegations of fact contained therein, only conclusions of law which require or permit no responsive pleading.

       2.      Admit the allegations contained in Paragraph 2 of the Complaint.

       3.      Neither admit nor deny the allegations contained in Paragraph 3 of the Complaint and respectfully refer this Court to the parties' Asset Purchase Agreement (the "APA") for its complete terms.

       4.      Deny the allegations contained in Paragraph 4 of the Complaint, except admit that Defendants submitted an Amended Claim Notice to Plaintiff and the Escrow Agent and an Instruction Notice to Capital and respectfully refer this Court to those documents for their complete terms.

5.    Deny the allegations contained in Paragraph 5 of the Complaint, except admit that Plaintiff submitted a Counter Notice to the Escrow Agents and Defendants and respectfully refer this Court to those documents for their complete terms.

6.    Deny the allegations contained in Paragraph 6 of the Complaint.

7.    Deny the allegations contained in Paragraph 7 of the Complaint, except admit that Defendants received the Counter Notice and respectfully refer this Court to that document for its complete terms.

8.    Answering Paragraph 8 of the Complaint, Defendants assert that there are no allegations of fact contained therein, only conclusions of law which require or permit no responsive pleading.

## IN RESPONSE TO THE PARTIES

9.    Deny the allegations contained in paragraph 9 of the Complaint, except admit that Plaintiff is a Delaware corporation.

10.    Deny the allegations contained in paragraph 10 of the Complaint, except admit that Victoria is a wholly owned subsidiary of Oak, Victoria has its principal offices at One Flower Lane, Blauvelt, New York, and that Oak assigned its rights under the APA to Victoria.

11.    Admit the allegations contained in paragraph 11 of the Complaint.

12.    Admit the allegations contained in paragraph 12 of the Complaint.

## IN RESPONSE TO JURISDICTION AND VENUE

13.    Deny the allegations contained in paragraph 13 of the Complaint, except admit the amount in controversy exceeds $75,000.00.

14.    Admit the allegations contained in paragraph 14 of the Complaint.

15. Admit the allegations contained in paragraph 15 of the Complaint.

## IN RESPONSE TO FACTS RELEVANT TO ALL CLAIMS

16. Deny the allegations contained in paragraph 16 of the Complaint and refer this Court to the APA for its complete terms.

17. Neither admit nor deny the allegations contained in Paragraph 17 of the Complaint and respectfully refer this Court to the APA for its complete terms.

18. Neither admit nor deny the allegations contained in Paragraph 18 of the Complaint and respectfully refer this Court to the APA for its complete terms.

19. Neither admit nor deny the allegations contained in Paragraph 19 of the Complaint and respectfully refer this Court to the APA for its complete terms.

20. Neither admit nor deny the allegations contained in Paragraph 20 of the Complaint and respectfully refer this Court to the APA for its complete terms.

21. Neither admit nor deny the allegations contained in Paragraph 21 of the Complaint and respectfully refer this Court to the APA for its complete terms.

22. Deny the allegations contained in paragraph 22 of the Complaint, except admits that the purchase price was deposited in escrow to assure payment of Plaintiff's obligations pursuant to the terms of the APA and the Escrow Agreement and respectfully refer this court to the Escrow Agreement for its complete terms.

23. Neither admit nor deny the allegations contained in Paragraph 23 of the Complaint and respectfully refer this Court to the Escrow Agreement for its complete terms.

24. Neither admit nor deny the allegations contained in Paragraph 24 of the Complaint and respectfully refer this Court to the Escrow Agreement for its complete terms.

25. Deny the allegations contained in paragraph 25 of the Complaint, except admit that Oak received a notice from the Department of Labor ("DOL") and respectfully refer this Court to the document for its complete terms, and admit that the DOL combined the unemployment experience ratings of Plaintiff and Oak and is seeking to collect significant funds from Oak presently and with respect to future periods as well.

26. Deny the allegations contained in paragraph 26 of the Complaint, except admit that there is no provision in the APA requiring Oak to hire Plaintiff's employees.

27. Deny of the allegations contained in paragraph 27 of the Complaint, except admit that Defendants submitted a Claim Notice to the Escrow Agent and Plaintiff, and respectfully refers this Court to the document for its complete terms.

28. Deny the allegations contained in Paragraph 28 of the Complaint, except admit that Plaintiff filed a Counter Notice, and respectfully refers this Court to the document for its complete terms.

29. Deny the allegations contained in Paragraph 29 of the Complaint, except admit that Defendants submitted a subsequent notice to Plaintiff, and respectfully refer this Court to the document for its complete terms.

30. Deny the allegations contained in Paragraph 30 of the Complaint, except admit that Oak received notices from DOL dated May 24, 2007 and May 31, 2007, and respectfully refer this Court to those documents for their complete terms.

31. Deny the allegations contained in Paragraph 31 of the Complaint, except admit that Defendants submitted an Amended Claim Notice, and respectfully refer this Court to the document for its complete terms.

32. Deny the allegations contained in Paragraph 32 of the Complaint, except admit that Plaintiff submitted a Counter Notice to the Escrow Agent and the Defendants, and respectfully refers this Court to the document for its complete terms.

## IN RESPONSE TO PLAINTIFF'S FIRST CLAIM FOR RELIEF

33. Repeats and realleges the responses to paragraphs 1 through 32 above.

34. Deny the allegations contained in paragraph 34 of the Complaint, except admit the existence of the APA and respectfully refer this Court to the document for its complete terms.

35. Answering Paragraph 35 of the Complaint, Defendants assert that there are no allegations of fact contained therein, only conclusions of law which require or permit no responsive pleading.

36. Answering Paragraph 36 of the Complaint, Defendants assert that there are no allegations of fact contained therein, only conclusions of law which require or permit no responsive pleading.

## IN RESPONSE TO PLAINTIFF'S SECOND CLAIM FOR RELIEF

37. Repeats and realleges the responses to paragraphs 1 through 36 above.

38. Deny the allegations contained in paragraph 38 of the Complaint, except admit the existence of the APA and respectfully refer this Court to the document for its complete terms.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Answering Paragraph 40 of the Complaint, Defendants assert that there are no allegations of fact contained therein, only conclusions of law which require or permit no responsive pleading.

41. Answering Paragraph 41 of the Complaint, Defendants assert that there are no allegations of fact contained therein, only conclusions of law which require or permit no responsive pleading.

### AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

#### As and for a First Affirmative Defense

42. The Complaint fails to state a claim for which relief can be granted.

#### As and for a Second Affirmative Defense

43. Defendant at all times acted in good faith and in accordance with the terms of the parties Asset Purchase Agreement.

#### As and for a Third Affirmative Defense, First Counterclaim and First Cross-Claim against Dealy & Silberstein, LLP, as Escrow Agent
#### General Allegations of Fact

44. On or about September 15, 2005, Plaintiff and Oak entered into an Asset Purchase Agreement ("APA") under which Plaintiff agreed to sell to Oak the following assets: (i) Exclusive Distribution Rights (as defined in the APA); (ii) Proprietary Rights (as defined in the APA); (iii) Plaintiff's on-premises and off-premises customer lists; and (iv) All point-of sale (P.O.S.) materials.

45. Pursuant to Section 7(b) of the APA, Plaintiff agreed to indemnify Oak for damages incurred by or awarded against Oak as follows: "…Seller hereby agrees to indemnify, protect, reimburse and hold harmless Purchaser and Purchaser's shareholders, officers, directors, successors and assigns, and each of them (hereinafter collectively

referred to as the "Purchaser Group") from and against any and all <u>Damages</u> of whatsoever kind and nature, imposed upon, incurred by or asserted or awarded against any of the Purchaser Group directly or indirectly arising out of, relating to or resulting from (i) <u>any Liabilities or obligations of Seller including, without limitation, the Seller Retained Liabilities…</u>" (emphasis added).

46.  The term "Liabilities: is broadly defined in Paragraph 1(jj) of the APA as follows: "The term "Liabilities" shall include, without limitation, any direct or indirect indebtedness, guaranty, endorsement, claim, loss, damage, deficiency, cost, expense, obligation or responsibility, <u>fixed or contingent, accrued or unaccrued, known or unknown, choate or inchoate, asserted or unasserted, conditional or unconditional, matured or unmatured, liquidated or unliquidated,</u> secured or unsecured, secondary or other." (emphasis added).

47.  Moreover, Paragraph 3(c) of the APA provides, in pertinent part, as follows: "Seller acknowledges and agrees that Purchaser is acquiring the Capital Acquired Assets hereunder <u>without any assumption of any obligations or Liabilities of Seller or the Distribution Business</u> (collectively, "Seller Retained Liabilities") <u>of any kind, whether such Liabilities or obligations relate to payment, performance or otherwise, it being understood that all of the Seller Retained Liabilities shall remain the sole responsibility of, and shall be retained, paid, performed, and/or discharged solely by, the Seller</u> . . . Accordingly, Purchaser shall not be deemed to have assumed, nor shall Purchaser be liable or responsible for, any of the Seller Retained Liabilities." (emphasis added).

48. Paragraph 3(c) further defines "Seller Retained Liabilities" as including the following <u>non-exclusive</u> list of liabilities: "Notwithstanding anything to the contrary contained herein, and without limiting the foregoing, the following shall include, without limitation, "Seller Retained Liabilities" for the purposes of this Agreement:

> (i)  any Liability or obligation of the Seller arising under this Agreement;
>
> \* \* \* \* \* \*
>
> (iii) any Liability or obligation for any Taxes, including without limitation (1) any Taxes arising as a result of Seller's operation of the Distribution Business or ownership of the Capital Acquired Assets before the Closing Date, (2) any Taxes that will arise as a result of the sale of the Capital Acquired Assets pursuant to this Agreement, and (3) any liability for deferred Taxes of any nature;
>
> \* \* \* \* \* \*
>
> (xv) any Liability or obligation arising out of any existing action, arbitration, audit, hearing, claim, investigation, litigation, or suit (whether civil, criminal, administrative, investigative, or informal) commenced, brought, conducted, or heard by or before, or otherwise involving, any Governmental Authority or arbitrator ("Proceeding") whether or not set forth in any exhibit or Schedule delivered to Purchaser, or any Proceeding arising out of, or relating to, any occurrence or event happening before the Closing Date;
>
> \* \* \* \* \* \*
>
> (xvii) any Liability or obligation based upon acts or omissions of Seller occurring after the Closing Date;
>
> \* \* \* \* \* \*
>
> (xx) any other Liability or obligation of Seller, including any Liability or obligation directly or indirectly arising out of or relating to the operation of the Distribution Business or ownership of the Capital Acquired Assets prior to the Closing Date, whether contingent or otherwise, fixed or absolute, known or unknown, matured or unmatured, or present, future or otherwise."

49. On December 14, 2005, Oak assigned its rights, title and interest and delegated its duties under the APA to Victoria.

50. On December 16, 2005, the closing contemplated by the APA occurred between Plaintiff and Victoria (Oak's assignee). As required by the APA, Plaintiff and Victoria entered into an Escrow Agreement, whereby Plaintiff deposited in escrow a portion of the purchase price it received from Defendants in order to insure, among other things, that Plaintiff would satisfy the payment of any and all of Plaintiff's liabilities and/or obligations.

51. The Escrow Agreement contained certain provisions setting forth the mechanism for Defendants to assert a claim against the escrowed funds.

### Allegations Relating to the Department of Labor Claim

52. On or about March 22, 2007, the New York State Department of Labor, Unemployment Insurance Division ("DOL"), provided Oak with written notification that the DOL has combined the employment and unemployment experience of Plaintiff with Oak for experience rating purposes based upon the allegation that Plaintiff sold their business to Oak and Oak hired some of the employees previously employed by Plaintiff.

54. On or about April 6, 2007, Oak, by its counsel, sent a letter to DOL requesting a hearing to dispute the determination of the Unemployment Insurance Division of the Department of Labor to transfer the employment and unemployment experience of Plaintiff to Oak for experience rating purposes.

55. Oak disputes the determination of the DOL based on, among other reasons, the fact that Oak did not acquire all or part of the assets of Capital nor was there a change in entity from Plaintiff to Oak. Furthermore, Oak did not: (i) assume Plaintiff's

obligations; (ii) acquire Plaintiff's good will; (iii) continue or resume the Plaintiff's business; or (iv) subsequently employ substantially the same employees as Plaintiff had previously employed in connection with the operation of Plaintiff's business.

56. By letter dated May 24, 2007, Oak received an acknowledgement from the DOL with regard to Oak's request for a hearing regarding the DOL's determination that a "transfer of Business" occurred between Plaintiff and Oak.

57. By letter dated May 31, 2007, the DOL adjusted the tax/rate experience rating for Oak, resulting in a demand against Oak in the amount of $89,719.36 for the period December 16, 1995 through December 31, 2006 for Unemployment Insurance Taxes. The letter further stated that the adjusted tax rate/experience rating will continue to impact Oak's obligations on a continuing basis. Finally, the letter stated that interest accrues on any unpaid balances at the rate of one percent (1%) per month.

### Allegations Relating to Oak's Claim Notice

58. As a result of the correspondence by the DOL, on April 4, 2007, Oak submitted a Claim Notice to the Escrow Agent and Plaintiff in accordance with the Escrow Agreement, advising them of, among other things, the DOL's correspondence relating to the experience rating, and Oak asserted its rights for indemnification under the APA for all liabilities, costs and expenses which will or may be incurred as a result of the DOL's assertions.

59. Plaintiff submitted a Counter Notice on April 12, 2007, purportedly disputing Oak's indemnification claim and advising Oak that the Claim Notice was, in their opinion, defective.

60. Thereafter, Oak submitted a response to Plaintiff's Counter Notice to the Escrow Agent and Plaintiff, explaining the basis for its initial Claim Notice and further clarifying that Oak has provided all of the information relating to the DOL claim that it had received from the DOL to date. Oak reiterated its position in its Claim Notice and demanded that the Escrow Agent retain all amounts that it is presently holding pursuant to the terms of the Escrow Agreement and APA.

61. On June 14, 2007, Oak submitted to the Escrow Agent and Plaintiff an Amended Claim Notice based upon the additional information Oak received from the DOL relating to the tax rate/experience rating of Oak. In this letter, Oak specifically advised the Escrow Agent and Plaintiff that the DOL (i) adjusted the tax/rate experience rating for Oak, resulting in a demand against Oak in the amount of $89,719.36 for the period December 16, 1995 through December 31, 2006 for Unemployment Insurance Taxes; (ii) stated that the adjusted tax rate/experience rating will continue to impact Oak's obligations on a continuing basis; and (iii) stated that interest accrues on any unpaid balances at the rate of one percent (1%) per month.

62. Pursuant to this Amended Claim Notice, Oak, in good faith, advised the Escrow Agent and Plaintiff that Oak determined the amount of the claims to be in an initial amount of Five Hundred Thousand Dollars ($500,000.00), based upon the fact that it appeared as if the claim would continue to accrue at the rate of approximately $90,000.00 per year.

63. In addition, by letter dated June 14, 2007, Oak instructed the Escrow Agent, pursuant to Section 3(b) of the Escrow Agreement to reimburse Oak for Damages (as defined in the Escrow Agreement) as incurred by Oak as follows: (i) the sum of

$89,719.36, representing the amount presently due and payable to New York State (which will accrue interest and penalties, if not paid) for the Unemployment Insurance Taxes, plus (ii) Oak's attorneys' fees accrued thus far in the amount of $10,933.75.

64. Plaintiff submitted a Counter Notice to Oak's Amended Claim Notice on June 22, 2007 which purportedly disputed Oak's claim for indemnification and demand for payment of damages.

65. On June 13, 2007, the DOL provided Oak with a notice scheduling an informal conference for July 12, 2007 with regard to the unemployment insurance tax claim.

### Counterclaim and Cross-Claim against the Escrow Agent for Declaratory Relief

66. Pursuant to Section 7(b) of the APA, Plaintiff agreed to indemnify Oak for all Damages of whatsoever kind and nature, imposed upon, incurred by or asserted or awarded against any of the Purchaser Group directly or indirectly arising out of, relating to or resulting from any Liabilities or obligations of Seller including, without limitation, the Seller Retained Liabilities.

67. Thus, the APA was specifically and deliberately structured such that any Liability (as broadly defined) would be retained by Plaintiff after the closing and would not be transferred to, assumed by, or inherited by Oak.

68. The DOL's Unemployment Insurance Tax and the adjusted tax rate/experience rating as assessed upon Oak are Liabilities that are encompassed by the definitions set forth in the APA for which Plaintiff is solely responsible.

69. As a result of Plaintiff's Counter Notice and Plaintiff's instant complaint, Plaintiff is denying responsibility for the payment of these Liabilities.

70. A declaration that Plaintiff is liable to Oak for the Unemployment Insurance Taxes and any damages, costs and expenses incurred as a result of the adjusted tax rate/experience rating assessed by the DOL, including attorneys' fees is necessary to prevent immediate adverse legal consequences to Oak.

71. By reason of the foregoing, pursuant to 28 U.S.C. §2201, Oak presents an "actual controversy" with regard to the payment of the escrow funds. Consequently, Oak seeks a declaration from this Court that (i) the adjusted tax rate/experience rating is a Liability as defined in the APA; (ii) the Unemployment Insurance Taxes assessed by the DOL is a Liability as defined in the APA; (iii) Plaintiff is liable to Oak under the APA and the Escrow Agreement for the Unemployment Insurance Taxes assessed upon Oak by the DOL as set forth in Oaks' Amended Notice of Claim; and (iii) Plaintiff is liable to Oak under the APA and the Escrow Agreement for damages resulting from the adjusted tax rate/experience rating, including but not limited to attorneys' fees, as set forth in Oaks' Amended Notice of Claim.

67. Accordingly, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201(a), Oak is entitled to judgment pursuant to the Asset Purchase Agreement and Escrow Agreement declaring that (1) Capital is required to indemnify Oak for the Unemployment Insurance Tax Claim assessed by the DOL and for any and all costs, expenses, or damages related thereto, including but not limited to attorneys' fees; (2) Capital is required to indemnify Oak for all amounts incurred by Oak as a result of the adjusted tax rate/experience rating as assessed upon Oak by the DOL and for any and all costs, expenses, or damages related thereto, including but not limited to attorneys' fees; (3) the funds held in Escrow shall be disbursed by the Escrow Agent from the escrow account for purposes of paying (i) to the

DOL, the Unemployment Insurance Tax Claim, (ii) to Oak, all damages incurred as a result of the adjusted tax rate/experience rating as assessed upon Oak, (iii) to Oak, all related costs and expenses, including but not limited to attorneys' fees, incurred as a result of the DOL's assessment for Unemployment Insurance Taxes and the adjusted tax rate/experience rating.

**WHEREFORE,** defendants demands judgment as follows:

(i) Dismissing the complaint in its entity;

(ii) Awarding Defendants the declaratory relief requested in their counterclaim;

(iii) Awarding the Defendants their costs and attorney fees; and

(iv) Such other and further relief as the court deems just and proper.

Dated: Garden City, New York
July 23, 2007

ETTELMAN & HOCHHEISER, P.C.

By: _____
Gary Ettelman (GE-9315)
*Attorneys for Defendants*
Oak Beverage Inc. and Victoria Beverage Inc.
100 Quentin Roosevelt Blvd., Suite 401
Garden City, NY 11530
(516) 227-6300

To:  Brown Rudnick Berlack Israels LLP
*Attorneys for Plaintiff*
*Capital Beverage Corporation*
Seven Times Square
New York, New York 10036
Tel: (212) 209-4800
Fax: (212) 209-4801