UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CAPITAL BEVERAGE CORPORATION,

      Plaintiff,

v.

OAK BEVERAGES, INC.; VICTORIA
BEVERAGE, INC.; and DEALY &
SILBERSTEIN, LLP (solely in its capacity as
Escrow Agent),

      Defendants.
------------------------------------------------------------ x

**Civ. Action No. 07 CIV 6063 (NRB)**

**PLAINTIFF'S REPLY TO COUNTERCLAIM**

Plaintiff Capital Beverage Corp. ("Capital"), by and through its undersigned attorneys, Brown Rudnick Berlack Israels LLP, for its Reply to the Counterclaim filed by Oak Beverages, Inc. ("Oak") and Victoria Beverage, Inc. ("Victoria") (collectively the "Defendants"), states as follows:

## IN RESPONSE TO GENERAL ALLEGATIONS OF FACT RELATING TO DEFENDANTS' COUNTERCLAIM

1. Admits the allegations contained in paragraph 44 of the Counterclaim that the parties entered into the Asset Purchase Agreement (the "APA") on September 15, 2005, but respectfully refers this Court to the APA for its complete terms.

2. Neither admits nor denies the allegations contained in paragraph 45 of the Counterclaim and respectfully refers this Court to the APA for its complete terms.

3. Neither admits nor denies the allegations contained in paragraph 46 of the Counterclaim and respectfully refers this Court to the APA for its complete terms.

4. Neither admits nor denies the allegations contained in paragraph 47 of the Counterclaim and respectfully refers this Court to the APA for its complete terms.

5. Neither admits nor denies the allegations contained in paragraph 48 of the Counterclaim and respectfully refers this Court to the APA for its complete terms.

6. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Counterclaim.

7. Denies the allegations contained in paragraph 50 of the Counterclaim, except admits that the closing date for the APA was December 16, 2005 and that, as required by the APA, the parties entered into an Escrow Agreement, and respectfully refers this Court to the Escrow Agreement for its complete terms.

8. Neither admits nor denies the allegations contained in paragraph 51 of the Counterclaim and respectfully refers this Court to the Escrow Agreement for its complete terms.

### IN RESPONSE TO ALLEGATIONS RELATING TO THE STATE OF NEW YORK DEPARTMENT OF LABOR CLAIM

9. Repeats and realleges all of its responses to paragraphs 44 through 51 of the Counterclaim as if fully set forth herein.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Counterclaim.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54[1] of the Counterclaim.

12. Denies the allegations contained in paragraph 55 of the Counterclaim, except denies knowledge or information sufficient to form a belief as to Oak's dispute regarding the determination of the State of New York Department of Labor (the "DOL").

13. Denies the allegations contained in paragraph 56 of the Counterclaim, except admits that the DOL sent an acknowledgement to Oak dated May 24, 2007 regarding Oak's request for a hearing.

14. Denies the allegations contained in paragraph 57 of the Counterclaim, except admits that the DOL sent a letter to Oak dated May 31, 2007, notifying Oak of an unpaid balance on Oak's rating account and the terms under which interest would continue to accrue on Oak's account.

## IN RESPONSE TO ALLEGATIONS RELATING TO OAK'S CLAIM NOTICE

15. Repeats and realleges all of its responses to paragraphs 44 through 57 of the Counterclaim as if fully set forth herein.

16. Denies the allegations contained in paragraph 58 of the Counterclaim, except admits that Oak submitted a Claim Notice on April 4, 2007 to the Escrow Agent and to Capital.

17. Admits the allegations contained in paragraph 59 of the Counterclaim.

---

[1] Defendants' Counterclaim does not contain a paragraph 53.

18. Denies the allegations contained in paragraph 60 of the Counterclaim, except admits that Oak submitted a response to Capital's Counter Notice on May 25, 2007 to the Escrow Agent and to Capital.

19. Denies the allegations contained in paragraph 61 of the Counterclaim, except admits that Oak submitted an Amended Claim Notice on June 14, 2007 to the Escrow Agent and to Capital.

20. Denies the allegations contained in paragraph 62 of the Counterclaim, except admits that Oak submitted an Amended Claim Notice on June 14, 2007 to the Escrow Agent and to Capital.

21. Denies the allegations contained in paragraph 63 of the Counterclaim, except admits that Oak submitted an Instruction Notice on June 14, 2007 to the Escrow Agent and to Capital.

22. Admits the allegations contained in paragraph 64 of the Counterclaim.

23. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Counterclaim.

**IN RESPONSE TO DEFENDANTS' COUNTERCLAIM**

24. Repeats and realleges all of its responses to paragraphs 44 through 65 of the Counterclaim as if fully set forth herein.

25. Denies the allegations contained in paragraph 66 of the Counterclaim, and respectfully refers this Court to the APA for its complete terms.

26.  Denies the allegations contained in paragraph 67 of the Counterclaim, and respectfully refers this Court to the APA for its complete terms.

27.  Denies the allegations contained in paragraph 68 of the Counterclaim.

28.  Denies the allegations contained in paragraph 69 of the Counterclaim, and respectfully refers this Court to Capital's Counter Notice for its complete terms.

29.  The allegations contained in paragraph 70 of the Counterclaim are legal conclusions as to which no response is required; to the extent that a response is required, denies the allegations contained in paragraph 70 of the Counterclaim.

30.  The allegations contained in paragraph 71 of the Counterclaim are legal conclusions as to which no response is required; to the extent that a response is required, denies the allegations contained in paragraph 71 of the Counterclaim.

31.  The allegations contained in paragraph 67[2] of the Counterclaim are legal conclusions as to which no response is required; to the extent that a response is required, denies the allegations contained in paragraph 67 of the Counterclaim.

## PLAINTIFF'S FIRST AFFIRMATIVE DEFENSE

32.  The Counterclaim fails to state a claim upon which relief may be granted.

## PLAINTIFF'S SECOND AFFIRMATIVE DEFENSE

33.  Capital at all times acted in good faith and in accordance with the terms of the APA and the Escrow Agreement.

---

[2] The paragraph numbered as paragraph 67 in Defendants' Counterclaim should be labeled paragraph 72 had the paragraphs been numbered consecutively.

WHEREFORE, Capital respectfully requests judgment from this Court as follows:

(1)  that Defendants' Counterclaim against Capital be dismissed with prejudice in its entirety;

(2)  that Capital be awarded its reasonable attorneys' fees and costs in defending against the Counterclaim; and

(3)  that Capital be awarded such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 15, 2007

                                         BROWN RUDNICK BERLACK ISRAELS LLP

                                         By:  /s/ Martin S. Siegel
                                               Martin S. Siegel (MSS 9490)

                                         Seven Times Square
                                         New York, New York  10036
                                         Telephone:  (212) 209-4800
                                         Facsimile:  (212) 209-4801

                                         *Attorneys for Plaintiff*
                                         *Capital Beverage Corporation*

# 8166578 v3